JULIO BIAGGI ESBRI, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 656. Argued April 19, 1929.—Decided April 25, 1929.

*Arjona & Arjona* for the petitioner.

440

Mr. Justice Wolf delivered the opinion of the court.

The District Court of Ponce decided that lawyer's fees could be granted *pendente lite* in a divorce suit. The defendant husband presented a certiorari to this court and says, among other things, that the proper way to obtain lawyer's fees *pendente lite* is a separate suit for fees (*litis expensas*); that because of the manner of procedure of the attorneys the decision in this case would fall under the provisions of chapter III of title V of the Civil Code and especially under section 168 thereof, which provides:

"If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means."

And the defendant husband also says by virtue of section 170 of the Civil Code no appeals lie from the decisions of the court under said chapter III.

We have always had the idea that the right to attorney's fees to be conceded against an opposite party is a client's right and also in cases of a wife that such a right may be exercised under chapter III. Whether the allowance of attorney's fees may or not be considered directly as part of her maintenance in the ordinary sense, the court is necessarily empowered to keep *in esse* the suit whereunder she is maintaining her rights not only for a divorce but for the temporary means to live. The suit can not be maintained without lawyers, and lawyer's fees *pendente lite* are therefore directly or indirectly one of the provisional measures necessary for a divorce suit. Necessarily, if we are right about this, the allowance of attorney's fees is within the sound discretion of the trial court, is not appealable and certiorari would not lie.

On the other hand, if the allowance of attorney's fees should not in Porto Rico be considered as part of the wife's maintenance, then, no matter what the action of the attorneys, the allowance of such attorney's fees is an independent pro-

ceeding within the divorce suit and final for the purposes of appeal. In other words, an appeal would lie from an order fixing counsel fees. If the appeal lay, then certiorari was not the proper remedy.

As we have said, however, we incline to the view that attorney's fees may be obtained under chapter III, *supra*.

Mr. Chief Justice Del Toro took no part in the decision of this case.